UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE M. LOHNAS,

                              Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                              09-CV-685S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

        1.      Plaintiff Darlene M. Lohnas challenges an Administrative Law Judge's ("ALJ")

determination that she was not disabled within the meaning of the Social Security Act ("the

Act") at any time between April 23, 2003, and December 31, 2006, her date last insured.[1]

Plaintiff contends that her physical and mental conditions rendered her unable to work

during that time period and therefore asserts that she is entitled to disability benefits under

the Act.

        2.      Plaintiff filed her application for social security disability insurance benefits

on April 13, 2006.[2]  Her application was initially denied on September 29, 2006.  On

September 18, 2008, a hearing was held before the ALJ at Plaintiff's request.  The ALJ

issued a decision on November 4, 2008,  denying  Plaintiff's application.  Plaintiff

exhausted her administrative remedies[3] and filed the instant action on July 30, 2009,

---

[1] The parties do not dispute that Plaintiff last met the insured status requirements of the Act on December 31, 2006.  (Docket No. 6, p. 2; Docket No. 7, p. 3.)

[2] (See Complaint, p. 7.)

[3] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review on June 15, 2009.

1

challenging the ALJ's decision.

3.     On December 31, 2009, the parties each filed Motions for Judgment on the Pleadings.  After full briefing, this Court took the motions under advisement on March 3, 2010, without oral argument.  For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).   Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.     "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support

the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."   Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."   Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140–42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.     This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.   If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ found that Plaintiff last met the insured status requirements of the Act on December 31, 2006 (the "date last insured"), making the relevant time period for Plaintiff's application from April 23, 2003, the date of her alleged onset of disability, through the date last insured (R. at 18).[4]  The ALJ made the following findings with regard to the five-step process set forth above: through the date last insured (1) Plaintiff did not engage in substantial gainful activity (id.); (2) Plaintiff's impairments of diffuse osteoarthritis (upper and lower extremities), status post left shoulder replacement, cervical/lumbar degenerative disc disease, migraine headaches, allergies, and a thyroid disorder did constitute a "severe" combination of impairments within the meaning of the Act (R. at 18–20); (3) Plaintiff's impairments, either singly or in combination, did not meet or equal an impairment listed in Appendix 1 of the Listing of Impairments (R. at 20); (4) Plaintiff retained the residual functional capacity to perform sedentary work activity with

---

[4] Citations to the underlying administrative record are designated as "R."

certain restrictions[5] (R. at 20–21); and (5) Plaintiff was unable to perform her past relevant work (R. at 29).   However, after considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined that a significant number of jobs existed in the national economy that Plaintiff could perform, and thus, Plaintiff was not disabled within the meaning of the Act at any time during the relevant time period.   (R. at 29–31.)

10.    Plaintiff raises two challenges to the ALJ's decision.   Plaintiff first argues that the ALJ's determination that her depression was not "severe" is erroneous.   In reaching this conclusion, the ALJ relied principally on evidence from consultative psychologist Dr. Kevin Duffy and from Plaintiff herself.   (R. at 19–20; R. at 224–28.)   A review of this evidence, as well as evidence in the record from the reports of Dr. Nicholas Varallo, Dr. Michael P. Hallett, Dr. Herman Szymanski, and the Veterans Administration clinic staff (the "VA"), and from Plaintiff's testimony at the hearing, reveals that the ALJ's determination that Plaintiff's depression was not "severe" is well-supported in the record.

An impairment is not considered severe if it does not significantly limit a claimant's physical or mental ability to perform basic work activities.   See 20 C.F.R. § 4041521(a). With respect to mental function, "basic work activities" include "[u]se of judgment;" "[r]esponding appropriately to supervision, co-workers and usual work situations;" and "[d]ealing with changes in a routine work setting."   20 C.F.R. 416.921(b)(3–6).

---

[5] In particular, the ALJ found that Plaintiff could perform "sedentary work . . . except she is precluded from more than incidental (defined as totaling no more than 1/6 of a routine 8-hour work shift) use of her bilateral upper extremities for fine manual dexterity, fingering, pinching, overhead reaching or unsupported forward extension, or rapid repetitive motion; limited to incidental postural adaption (standing, kneeling, crouching, crawling, balancing or climbing); precluded from working around hazards (unprotected heights, dangerous machinery; and requires a sit/stand option (discretionary)."   (R. at 20–21.)

Here, in making the determination that Plaintiff's depression was not "severe," the ALJ "considered the four broad functional areas set out in the disability regulations for evaluating mental disorders," including activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation; collectively known as the "paragraph B" criteria.  (R. at 19.)  The ALJ cited to exhibits in the record in support of these considerations.

In activities of daily living, the ALJ found that Plaintiff has no restriction due to any mental impairment.  Specifically, the ALJ noted Plaintiff's ability to care for her personal needs, drive, and go shopping.  (Id.)

Regarding social functioning, the ALJ concluded that Plaintiff has mild difficulties. (Id.)  The ALJ noted, however, that although Plaintiff "claimed that she did not socialize much or have many friends outside the home," she was able to accompany her children to the zoo, the amusement park, and the museum, as well as attend her children's athletic activities two to three times per week.  (Id.)

With respect to concentration, persistence, or pace, the ALJ determined that Plaintiff has mild difficulties.  (Id.)  The ALJ noted Plaintiff's reports that she obtained her Bachelor's Degree after she was released from the military, pays bills, handles her own finances, and home-schools her three children.  (Id.)  The ALJ also noted Plaintiff's reports of fatigue, loss of energy, short-term memory deficits, and concentration difficulties.  (Id.)

Finally, the ALJ noted that Plaintiff has experienced no known episodes of decompensation for an extended duration.  (Id.)

Plaintiff contends that her treatment for depression by her treating physician, Dr. Varallo, and by Dr. Hallett supports a finding that her depression was severe, however, the

6

"mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." <u>Coleman v. Halala</u>, 895 F. Supp. 50, 53 (S.D.N.Y. 1995). Here, Plaintiff has established the diagnosis of depression, but has not pointed to medical evidence of functional limitations during the relevant time period arising specifically from that condition found by these physicians. Moreover, the findings of these physicians are inconsistent with some of Dr. Duffy's findings that (1) Plaintiff's thought processes were "[generally coherent and goal directed with no evidence of hallucinations, delusions, or paranoia;" (2) her cognitive functioning was above average; and (3) her insight, judgment, and memory skills were good. (R. at 226.)

The Court finds no error in the ALJ's conclusion, based on the consulting physician's report, Plaintiff's testimony, and the evidence of record, that Plaintiff's depression did not cause more than minimal limitations nor preclude her from performing substantial gainful activity and thus was not "severe" – a determination that is supported by substantial evidence in the record. <u>See</u> <u>Mongeur v. Heckler</u>, 722 F.2d 1033, 1037 (2d Cir. 1983) ("It is an accepted principle that the opinion of a treating physician is not binding if it is contradicted by substantial evidence . . . and the report of a consultative physician may constitute such evidence"). Accordingly, this Court finds no cause to reverse the ALJ on this point.

11. Plaintiff also asserts that her case should be remanded because a vocational expert, upon being presented at the hearing with a hypothetical that included Plaintiff's alleged limitation of having only occasional contact with supervisors and others, testified that there would be only one job that she could perform in the national economy. (R. at

7

659.)  But a "vocational expert is just that, a vocational expert" and an ALJ is responsible for determining Plaintiff's capabilities, based on all the evidence.  See Dimas v. Schweiker, 712 F.2d 1545, 1553 n.4 (2d Cir. 1983).  Here, the ALJ relied on Dr. Duffy's finding that Plaintiff could relate adequately with others in determining that Plaintiff's depression was not "severe."  (R. at 227.)  The ALJ further relied on Plaintiff's own accounts of adequately dealing with others in her activities of daily living and social functioning.  (R. at 97, 99.) From a review of the record, this Court finds that the ALJ had a reasonable basis upon which to conclude that Plaintiff was not limited to only occasional contact with supervisors and others.  Consequently, the ALJ did not err in determining that a significant number of jobs existed in the national economy that Plaintiff could perform.

12.      Plaintiff's second argument is that the ALJ failed to adequately consider the VA determination of Plaintiff's disability due to depression, left shoulder arthritis, status post hemiarthroplasty, and subacromial decompression.  (R. at 620–21.)  While Plaintiff acknowledges that the ALJ considered the VA disability determination, she contends that the ALJ failed to give "any meaningful consideration" to the finding.   (Plaintiff's Memorandum, pp. 8–9.)

A decision by any other governmental agency on the issue of disability is not binding on the Commissioner, since it is based on that agency's rules rather than on social security law.  See 20 C.F.R. § § 404.1504.  Here, the ALJ specifically addressed his consideration of the VA determination in the hearing decision and further noted that disability is an issue reserved to the Commissioner pursuant to SSR 96-5p.  (R. at 25.)  Upon review of the record, this Court finds that the ALJ properly considered the VA disability determination.

Moreover, the VA determined that Plaintiff had 70 to 80% disability.  (R. at 620–21.)

8

Partial disability is not considered under the Commissioner's regulations and thus a finding by any physician that a plaintiff has a partial disability is not inconsistent with an ALJ's finding of non-disability.  See, e.g., Verginio v. Apfel, No. 97-CV-456, 1998 WL 743706, at *7–8 (N.D.N.Y. Oct. 23, 1998) (denying the plaintiff's disability benefits despite his physicians' opinions that he was partially disabled).  Thus, the ALJ did not err in his consideration of Plaintiff's disability as determined by the VA.

13.     After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case that Plaintiff's depression is not "severe."  Specifically, the medical evidence and opinions contained in the record, in conjunction with Plaintiff's testimony, support the ALJ's determination.  This Court finds no reversible error in the ALJ's overall weighing of the evidence, and finds that substantial evidence of record supports his decision that Plaintiff was not disabled within the meaning of the Act during the relevant time period.  Accordingly, Defendant's Motion for Judgment on the Pleadings is granted and Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:  March 31, 2011
         Buffalo, New York

/s/William M. Skretny____
WILLIAM M. SKRETNY
Chief Judge
United States District Court

9