-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLENE M. LOHNAS,

        Plaintiff,

        -v-

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

**DECISION and ORDER**
09-CV-0685S

---

On March 31, 2011, the Court entered Judgment granting Defendant's Motion for Judgment on the Pleadings and denying plaintiff's Motion for Judgment on the Pleadings. (Docket No. 16.) On June 10, 2011, plaintiff filed *pro se* a Notice of Appeal (Docket No. 17), which was electronically submitted to United States Court of Appeals for Second Circuit with a Clerk's Certificate. Attached to the Notice of Appeal is a one-page typewritten statement explaining why the Notice of Appeal was untimely filed. *See* Fed.R.App.4(a)(1)(B). Because the Court must construe the submissions of pro se litigants "broadly" and as raising "the strongest argument that [they] suggest," *see Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (internal quotation marks and alterations omitted), the Court construes the Notice of Appeal as both a Notice of Appeal and Motion for an Extension of Time to file a Notice of Appeal pursuant to Fed.R.App.4(a)(5).

Pursuant to Fed.R.App.P. 4(a)(5), the Court may extend the time to file a notice of appeal if:

>   (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) [--60 days]; and
>
>   (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by the Rule 4(a) expires, that party shows excusable neglect or good cause.

Plaintiff had 60 days in which to file a notice of appeal. Fed.R.App.P. 4(a)(1)(B). Judgment was entered on March 31, 2011, and plaintiff's Notice of Appeal was filed on June 10, 2011, which was within 30 days of the expiration of the 60 day period in which to file a timely Notice of Appeal.

Upon review of the statement attached to the Notice of Appeal, which sets forth the reasons why plaintiff, now appearing *pro se*, did not file her Notice of Appeal timely, the Court finds good cause for that failure and grants plaintiff's Motion for an Extension of Time to file a Notice of Appeal. *See Griffin v. George Buck Consulting Actuaries, Inc.*, 573 F.Supp. 1134, 1136 (S.D.N.Y., 1983) ("the withdrawal of Griffin's attorney following entry of judgment and Griffin's unfamiliarity with appellate procedure provide good cause to permit an extension of time for filing the notice of appeal . . .").

Plaintiff states that her attorney had mailed the Decision and Order and Judgment to her with an enclosure letter dated April 12, 2011. She did not receive and review the letter and copy of the Decision and Order, and Judgment, until April 29, 2011, when she returned home from a family vacation that began on April 11 and retrieved her mail. The letter from her attorney advised her that he was no longer able to handle the case, and that she could contact the Bar Association for assistance. After numerous phone calls to Bar Association and being told that it could not help her, she again contacted her attorney to speak to him about her records and what she believed were missing records. She was told

by her attorney's assistant that she could not make a telephone appointment to speak with her attorney for ten days and when she called in for that appointment ten days later she was told it had to be rescheduled to June 4, 2010, to which she advised her attorney's assistant that it "would be too late." She asked if there was any time sooner than that to speak with her attorney but she was told her attorney was not interested in handling her case any further and did not have time to speak to her. After this, she continued to contact other attorneys to take her case but was unable to locate anyone who would take the case at this stage. She then filed her Notice of Appeal.

Accordingly, plaintiff is granted permission to file a late Notice of Appeal pursuant to Fed.R.App.P. 4(a)(5). The Clerk of the Court is directed to forward this Order to the Untied States Court of Appeals for Second Circuit.

SO ORDERED

Dated:   July 5, 2011
         Buffalo, New York

                                          s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          Chief Judge
                                          United States District Court